McTighe v State of New York (2024 NY Slip Op 05251)

McTighe v State of New York

2024 NY Slip Op 05251

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-22-2125
[*1]Michael McTighe, Appellant,
v
State of New York, Respondent.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Herman Law, New York City (Jeffrey Herman of counsel), for appellant.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Mackey, J.
Appeal from an order of the Court of Claims (Richard E. Sise, J.), entered October 3, 2022, which granted defendant's motion to dismiss the claim.
Claimant commenced this negligence action pursuant to the Child Victims Act (see L 2019, ch 11) alleging that, in 1980, while he was between 12 and 13 years old, he was sexually abused on several occasions by two adult employees of the Berkshire Farm Center and Services for Youth, a nonprofit corporation providing foster care and residential care placement services for children (see Social Services Law § 371 [10] [a]). Claimant asserts that, after he was adjudicated a juvenile delinquent, Family Court placed him with the Division for Youth, an agency of defendant that has since been reorganized into the Office of Children and Family Services (hereinafter OCFS). According to claimant, OCFS then re-placed him at Berkshire Farm's residential detention facility in the Town of Canaan, Columbia County.
Following joinder of issue, defendant moved to dismiss the claim on the ground that it failed to state a cause of action (see CPLR 3211 [a] [7]). The Court of Claims granted the motion, concluding that the claim did not state a cause of action because it did not "reveal circumstances giving rise to a special duty." Claimant appeals.
For the reasons set forth in our recent decision in A.J. v State of New York (___ AD3d ___, 2024 NY Slip Op 04231 [3d Dept 2024]), we reverse.[FN1] As in that case, claimant was in OCFS's custody at the time he was allegedly assaulted. "When a government entity assumes custody of a person, thus diminishing that person's ability to self-protect or access those usually charged with such protection, that entity owes to that person a duty of protection against harms that are reasonably foreseeable under the circumstances"(A.J. v State of New York,2024 NY Slip Op 04231 at *2). Because defendant owed claimant a duty of care, the claim stated a cause of action and the motion to dismiss should have been denied.
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.

Footnotes

Footnote 1: Defendant concedes that reversal is required.